# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DEREK RYAN SCHELL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. CIV-12-866-M |
| | ) |
| **JUSTIN JONES, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se and *in forma pauperis,* has brought this action purporting to seek relief pursuant to 42 U.S.C. §1983 for the alleged violation of his constitutional rights. Chief United States District Judge Vicki Miles-LaGrange has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B) and (C).

## Plaintiff's Complaint

Plaintiff complains, first, that his Eighth and Fourteenth Amendment rights were violated when in March 2011 he was placed in a prison facility where another inmate, from whom he had been asked to be separated, was housed [Doc. No. 1, pp. 5 - 6]. He maintains that various Defendant prison officials deliberately sent him to this facility – the John Lilley Correctional Center – "in hopes that a gladiator fight would arise between the plaintiff" and the other inmate.[1] *Id.* at 6. Next, Plaintiff alleges that in order "to cover up" this "wrongful transfer," *id.* at 6, he was sent in July 2011to the Frederick Community Correctional Center

---

[1]Unless otherwise indicated, quotations in this report are reproduced verbatim.

where named Defendant Logan "denied the plaintiff Due-Process and violated the plaintiffs' Fifth Amendment by not giving the plaintiff access to a legal library system and in turn made the plaintiffs filing for Post-Conviction Relief out of time and causing the plaintiffs' case to be dismissed." *Id.* at 3. Plaintiff alleges he then intentionally committed an infraction in order to be moved to a higher security facility – the William Key Correctional Center where he is currently housed – in order to have access to a law library and where he was ultimately able to file for post-conviction relief in February 2012. *Id.* at 4 - 6. He claims that his request for post-conviction relief was denied and that he then sought habeas relief in the Eastern District of Oklahoma but that various named Defendants caused him to miss a filing deadline, "[m]aking the plaintiff file out of time and causing plaintiffs' case to be dismissed." *Id.* at 6 - 7.

As relief, Plaintiff requests

> [t]hat the court grant in favor, to the plaintiff, judgment and relief in the criminal case CF-09-596 out of the court of Ponotoc County, OK. That the case CF-09-596 be dismissed or set aside that no other recourse or retaliation from the D.O.C. can be given to the plaintiff and plaintiff further requests to lower security level to be transferred close to home in Tulsa, OK. Without further recourse or retaliation from the D.O.C. that the plaintiffs' prayers to the court be answered and granted as seemed just and equitable.

*Id.* at 8.

**Standard for Initial Screening**

The court must promptly review Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary

relief from a defendant who is immune from such relief. A complaint is frivolous if it lacks an arguable legal basis or contains fanciful factual allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)). In reviewing the sufficiency of the complaint, the court considers whether Plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). All well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to Plaintiff. *Sunrise Valley, LLC v. Kempthorne*, 528 F.3d 1251, 1254 (10th Cir. 2008), *cert. denied,* 129 S.Ct. 2377 (2009). A pro se plaintiff's complaint must be broadly construed under this standard. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the "broad reading" of pro se complaints dictated by *Haines* "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. The court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

**<u>Analysis</u>**

As to Plaintiff's allegations regarding his placement at the John Lilley Correctional Center – where an inmate from whom he had asked to be separated was also housed – he further pleads that named Defendant Young was aware of Plaintiff's concern and placed the other inmate, Jeff Kearns, "in protective custody until the plaintiffs' departure July 20, 2011." [Doc. No. 1, p. 4]. Thus, not only does Plaintiff affirmatively state that he was

protected from the other inmate but he fails to claim any injury – physical or otherwise – or resulting damages from these alleged events. Plaintiff has failed to state a claim upon which relief may be granted in this regard. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.").

Plaintiff's remaining claims allege Defendants' interference with his previous efforts to challenge his conviction through post-conviction and federal habeas actions. Although Plaintiff brings his claims by complaint pursuant to 42 U.S.C. § 1983, courts are to construe actions according to the nature of the relief sought, not according to how they are styled by their drafters. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Parkhurst v. Wyoming*, 641 F.2d 775, 776 (10th Cir. 1981). The relief Plaintiff requests - the dismissal or setting aside of his conviction – is not an available remedy under § 1983;[2] rather, because the relief sought by Plaintiff would affect the length of his confinement, his sole federal remedy is a petition for a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." (citing *Preiser v. Rodriguez*, supra)); *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005) ("Because a prisoner's claim necessarily challenges the

---

[2]The only other relief requested by Plaintiff is that the Oklahoma Department of Corrections be ordered not to retaliate against him and that he be moved to a lower security level and "transferred close to home in Tulsa, OK." [Doc. No. 1, p. 8]. There is, however, no claim in Plaintiff's complaint which would implicate relief of this nature.

fact or duration of confinement when the remedy sought is the immediate or speedier release from confinement, such a claim must be brought under habeas.").

In this regard, and to the extent that Plaintiff's complaint could be liberally construed as a petition seeking habeas relief, the undersigned notes Plaintiff's reference in his complaint [Doc. No. 1, p. 8] to a previous request for habeas relief in the United States District Court for the Eastern District of Oklahoma in Case No. CIV-12-203-JHP-KEW. The records of that court reflect the following. His Petition for Writ of Habeas Corpus [Doc. No. 1] was filed on May 4, 2012. The named respondent was directed to answer or move to dismiss within thirty (30) days with Plaintiff directed to reply within fifteen (15) days after the filing of that pleading. Opinion and Order [Doc. No. 17]. A motion to dismiss was filed on June 25, 2012 [Doc. No. 19], no response was filed by Plaintiff, and on July 11, 2012, United States District Judge James Payne dismissed the petition with prejudice, finding that

> [t]he pleadings in this case indicate the petitioner entered a no contest plea and a judgment and sentence was entered against the petitioner on April 26, 2010. Doc. 20-1. On May 6, 2010, ten (10) days after the petitioner could have filed a motion to withdraw his plea, the petitioner's judgment became final. Petitioner's one year statutory limitation period began the next day. Thereafter, on May 7, 2011, the petitioner's one year statutory limitation period expired. Because May 7, 2011, fell on a Saturday, the petitioner had until Monday, May 9, 2011 to file his petition. Petitioner did not, however, file the current petition for writ of habeas corpus until one year later on May 8, 2012. As a result, this Court finds the petitioner's current habeas corpus petition is untimely and should, therefore, be dismissed.

Opinion and Order [Doc. No. 23, p. 2].

Thereafter, Plaintiff filed his belated response on July 18, 2012 [Doc. No. 25] – and

5

a motion for rehearing on July 20, 2012 [Doc. No. 26] – in which he asserted that the statute of limitations should be tolled due to a motion for judicial review he filed in the trial court and a subsequent post-conviction application he filed with the Oklahoma Court of Criminal Appeals. He likewise maintained that he was entitled to equitable tolling. Judge Payne fully[3] considered Plaintiff's arguments, finding that while the motion for judicial review was filed by Plaintiff prior to the May 9, 2010 habeas deadline, it was not properly filed and, thus, did not toll the statute of limitations. Opinion and Order [Doc. No. 27]. As to the post-conviction application, Judge Payne concluded that it was filed on February 7, 2012, long after the expiration of the habeas deadline, and, consequently, had no effect on that deadline. With regard to equitable tolling, Judge Payne found that

> Petitioner has failed to demonstrate that he diligently pursued his claims or that some extraordinary circumstance stood in his way and prevented him from timely attacking his no contest plea sufficient to warrant equitable tolling. Petitioner's motions for sentence reduction were not properly filed in accordance with Oklahoma statutes and the petitioner's one year limitations period had already expired when he filed his first application for post-conviction relief. As a result, this court finds the petitioner is not entitled to equitable tolling.

*Id.* at 4. The foregoing order was issued on July 27, 2012, and there is no indication that Plaintiff has sought appellate review of the dismissal with prejudice of his habeas petition.

Through his present complaint – a reassertion of his claim of entitlement to equitable tolling – it appears that Plaintiff is attempting to utilize 42 U.S.C. § 1983 to make an end-run

---

[3]Thus, contrary to Plaintiff's factual claim [Doc. No. 1, pp. 3 - 4], the alleged withholding of Plaintiff's mail did not cause his habeas case to be dismissed. Rather, Plaintiff's habeas case was dismissed on statute of limitations grounds.

around the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and its restrictions on second and successive § 2254 habeas petitions.[4] Before a state prisoner may file a second or successive § 2254 petition in the district court, he must successfully apply to the court of appeals for an order authorizing the district court to consider such petition. 28 U.S.C. § 2244(b)(3). Plaintiff has made no such showing. Thus, if this complaint were construed as a habeas petition, this court would be without jurisdiction to consider Plaintiff's second or successive habeas action. *See Lopez v. Douglas*, 141 F.3d 974, 975-76 (10th Cir. 1998) (where the petitioner failed to obtain the authorization required under § 2244(b)(3)(A), "the district court lacked jurisdiction to decide his unauthorized second petition"), *overruled on other grounds by Spitznas v. Boone,* 464 F.3d 1213, 1215 (10th Cir. 2006). *See also Williams v. Hopkins*, 130 F.3d 333, 336 (8th Cir. 1997) (where the petitioner's action pursuant to 42 U.S.C. § 1983 was construed as the functional equivalent of a successive habeas action, but the leave required by 28 U.S.C. § 2244(b)(3)(A) had not been requested or obtained, the district court correctly concluded that it did not have

---

[4]Moreover, as to the claim Plaintiff has sought to maintain under § 1983 that he was precluded, and thus injured, by the conditions of his confinement from successfully seeking post-conviction or habeas relief, it is worth noting that Plaintiff's theory is factually unavailing. By the time Plaintiff was transferred on July 20, 2011 to the Frederick Community Correctional Facility where he alleges he was first denied access to a law library "ma[king] the plaintiffs filing for Post-Conviction Relief out of time and causing the plaintiffs' case to be dismissed[,]" [Doc. No. 1, p. 3], he had already missed his habeas deadline of May 9, 2011, by some two months. Plaintiff does not maintain that he lacked access to a law library while at James Lilley Correctional Center from March 23, 2011 until July 20, 2011. In short, Plaintiff suffered no injury as a result of the conditions of which he complains.

jurisdiction over the action).

**RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For the reasons set forth above, it is the recommendation of the undersigned Magistrate Judge that the complaint be dismissed in accordance with 28 U.S.C. § 1915A. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of the Court by September 27, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

DATED this 7th day of September, 2012.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE